UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAUDE LEFOUMBA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-05-0084 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On May 16, 2005, the parties consented to proceed before a United States Magistrate Judge for all purposes, including the entry of a final judgment, under 28 U.S.C. § 636(c). The case was then transferred to this court. Following an unsuccessful mediation, and an amendment to the original complaint, Defendant has moved to dismiss this case for lack of subject matter jurisdiction. (Docket Entry No. 34). Upon review of the motion, the relevant law, and in light of Plaintiff's failure to respond in opposition, the motion is **GRANTED**.

### Background

This employment action by Claude LeFoumba ("LeFoumba", "Plaintiff") against his former employer, the Texas Department of Criminal Justice ("TDCJ", "Defendant") was originally filed in a state district court in Harris County, Texas. In his state court pleadings, LeFoumba alleges that he had worked as a corrections officer for the Texas prison system since October 2000. (Docket Entry No. 1, Exh.4 to Notice of Removal, Plaintiff Original Complaint, ¶ 6). In July 2003, he was reportedly involved in a dispute with a co-worker, which escalated into a physical altercation. (*Id.* at ¶ 8). Plaintiff complains that, when the incident was investigated, he was unfairly singled out for disciplinary action based solely on his national origin. (*Id.* at ¶ 10-12). He complains further

that he was terminated from his employment on the same basis. (*Id.*. at ¶ 12-14)  In addition to the allegations that he was disciplined and terminated because of his national origin, LeFoumba also claims that, before these actions were taken, he was denied any due process protection, as guaranteed by the United States Constitution.  (*Id.* at ¶ 18).

Although Plaintiff's state court petition specifically invoked those employment rights which are set out in Chapter 21 of the Texas Labor Code, Defendant removed this action, claiming that federal question jurisdiction was present.  In doing so, TDCJ pointed to the alleged violation of LeFoumba's constitutional right to due process as the basis for federal jurisdiction under 28 U.S.C. § 1441.  (Docket Entry No.1, Notice of Removal of Defendant Texas Department of Criminal Justice, ¶ 1).  From the pleadings, the court is satisfied that federal jurisdiction question was clearly present then, and that removal was proper at the time TDCJ issued its notice.  However, on October 12, 2005, the court granted Plaintiff's motion to amend his complaint for a second time. (Docket Entry No. 33).  This newly filed pleading abandons any claim of a constitutional violation. There is now no dispute that Plaintiff is seeking remedies under the Texas statutes only.  (Docket Entry No. 32, Second Amended Complaint).  Because Plaintiff has expressly disavowed any claim to federal statutory or constitutional protection, Defendant asks that this suit be dismissed,  under Rule 12(b)(1) of the Federal Rules of Civil Procedure, citing the court's lack of subject matter jurisdiction. (Docket Entry No. 34, Motion to Dismiss).

**Discussion**

It is well settled, as Defendant argues, that the "United States Supreme Court [has] held that where federal claims in the action have been eliminated" there is little reason to continue to entertain the matter in the federal courts.  (Docket Entry No. 34, Motion to Dismiss, ¶ 4).  As

there is no dispute that LeFoumba's amended complaint implicates only state law, it is clear that the claim which prompted removal, and on which federal jurisdiction was solely derived, has been withdrawn.  Accordingly, the court agrees with Defendant that is has a "powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988); *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 456 (5th Cir. 2001).  In deciding whether to retain jurisdiction, federal courts generally look to 28 U.S.C. § 1367(c). That statute provides that it is proper to decline supplemental jurisdiction over pendant state law claims if:

> (1)   the claim raises a novel or complex issue of state law,
> (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3)   the district court has dismissed all claims over which it has original jurisdiction, or
> (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Further, courts must also "balance the relevant factors of judicial economy, convenience, fairness, and comity."  *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (1999).  In doing so, "courts should conduct a fact-specific inquiry, considering the totality of the circumstances of each case."  *Guzzino v. Felterman*, 191 F.3d 588, 594-95 (5th Cir. 1999).  These determinations often turn on the state of the litigation, the amount of preparation by the parties, and the presence of related state law cases.  *Id.* at 595; *Batiste*, 179 F.3d at 227.  "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early states and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  *Cohill*, 484 U.S. at 349-50 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966)) (footnote omitted).

      Plaintiff's voluntary dismissal of his due process claim, the sole basis for federal

jurisdiction, makes it plain that this court may properly decline an exercise of supplemental jurisdiction over his remaining cause of action. And, although this case has been on file for almost a year, the parties have engaged in very little discovery or trial preparation. Neither will be greatly inconvenienced or prejudiced by a dismissal so that LeFoumba's claims may be refiled in state court. Further, the interest of judicial comity weighs in favor of a state court resolution of LeFoumba's remaining cause of action. As the Supreme Court stated in *Gibbs*:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state law claims should be dismissed as well.

*Gibbs*, 383 U.S. at 726 (footnotes omitted). After weighing the relevant factors here, this court declines to exercise supplemental jurisdiction over LeFoumba's state law employment claims. Moreover, under the local rules, Plaintiff's failure to respond in any way to the pending motion is reason to deem it unopposed. (Local Rule 7.4). For that reason, this matter should be **DISMISSED without prejudice** to a refiling in state court.

The Clerk shall enter this Order and provide a copy of it to all parties.

SIGNED at Houston, Texas, this 27th day of October 2005.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**